IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EVERLYN WILSON                                                                                   PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:12-CV-782-DPJ-FKB

WAL-MART STORES EAST, LP.                                                            DEFENDANT

ORDER

This slip-and-fall case is before the Court on Defendant's Motion for Summary Judgment [50].  The Court, having considered the issues and the parties' submissions in light of the applicable standards, finds that Defendant Wal-Mart Stores East, LP 's Motion should be denied because a question of fact exists whether Defendant's employee negligently caused an unsafe condition.

I.      Facts and Procedural History

On July 9, 2011, Plaintiff Everlyn Wilson slipped on a liquid while walking down an aisle of the Wal-Mart store located at 2711 Greenway Drive, Jackson, Mississippi.  Two Wal-Mart employees have testified that there was no liquid on the ground shortly before Wilson fell.  Def.'s Mem. Supp. Mot. [51] at 10.  But a surveillance video shows one of these employees, Randy Wallace, walking by the site of the fall pushing a rolling mop bucket just two minutes before Wilson fell.  Pl.'s Resp. [53] Ex. C.  Wallace appears to lift the mop out of the bucket as he proceeds past the spot of the fall.  *Id.*

Wilson sued several Wal-Mart entitles in the Circuit Court of Hinds County, Mississippi, on April 27, 2012.  The case was removed November 16, 2012, and Wal-Mart Stores East, LP was later substituted as the correct defendant.  Discovery is complete, and the Court has both personal and subject-matter jurisdiction.

II.    Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility to inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    Analysis

There is no dispute Wilson was a business invitee when she apparently slipped. As such, Wal-Mart had a duty to "keep [its] premises in a reasonably safe condition." *Karpinsky v. Am.*

*Nat'l Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013) (en banc).  But the fact that a dangerous condition caused a fall "is not decisive on the issue of negligence." *Parker v. Wal–Mart*, 241 F. Supp. 2d 663, 667 (S.D. Miss. 2001).  Rather, the plaintiff must demonstrate the defendant's culpability by showing "either (1) that the defendant caused the dangerous condition, or (2) that the defendant had either actual or constructive knowledge of the hazard." *Id*. (citing *Mumford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)).  The question in this case is whether Wal-Mart caused a dangerous condition.

As an initial point, there is sufficient evidence for a jury to find that a dangerous condition existed.  Both Wilson and an employee for Wal-Mart confirmed that a stream of liquid ran down the aisle where the fall occurred.  Pl.'s Resp. [53] Ex. A, Wilson Dep. at 66; *Id.*, Ex. B, Pee Dep. at 25.  But the parties disagree about its source.  More specifically, they dispute whether Wal-Mart employee Randy Wallace created the condition when he passed by with the rolling mop bucket.

Whether he did can be established by direct or circumstantial evidence.  As noted by the Fifth Circuit in *Travis v. Wal-Mart Stores, Inc.*,

> Under Mississippi premises liability law, proprietor negligence "may be proven even by circumstantial evidence, that is evidence of a fact, or a set of facts, from which the existence of another fact may reasonably be inferred." *Hardy v. K Mart Corp.*, 669 So. 2d 34, 38 (Miss. 1996) (internal quotations and citation omitted).  The "circumstantial evidence must be such that it creates a legitimate inference that places it beyond conjecture." *Id*.  This last restriction does not mean, however, that the inference drawn from the circumstantial evidence must be beyond dispute, for the *Hardy* court ultimately held that summary judgment on the negligence issue was inappropriate despite the fact that the evidence was "fragmentary" and inconclusive. *Id*. at 38-39.

45 F. App'x 323, 2002 WL 1860529, at *2 (5th Cir. 2002) (vacating judgment as a matter of law and remanding).

While there may be no smoking gun in this case, the circumstantial evidence creates a question of fact. Wallace and another Wal-Mart employee testified that when they walked down the aisle there was no liquid on the ground. Def.'s Mot. Summ. J. [50] Exs. C, D. Yet two minutes after Wallace passed, Wilson slipped in the very spot where Wallace appears to have lifted the mop out of the rolling bucket as Wallace proceeded down the aisle. And a reasonable jury could conclude that the video shows no other source for the water between Wallace's pass and Wilson's fall. These facts, taken together, give rise to an inference that Wallace's mop bucket was the source of the liquid.[1]

III.    Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. Wal-Mart's motion for summary judgment [50] is denied.[2]

**SO ORDERED** this the 10th day of July, 2014.

                                                     s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Though the parties dispute Wilson's expert testimony and its impact on this motion, the Court finds that the surveillance video and deposition testimony create a material question of fact.

[2] If the parties believe that settlement discussions may be productive, they are encouraged to contact Magistrate Judge F. Keith Ball to schedule a settlement conference in advance of the August 8, 2014 pretrial conference.